**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| VAHE KESHISHIANI, | No. 10-72265 |
| Petitioner, | Agency No. A088-131-109 |
| v. | MEMORANDUM* |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 19, 2010**

Before:     LEAVY, HAWKINS, and HURWITZ, Circuit Judges.

Vahe Keshishiani, a native of Iran and citizen of France, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his applications for asylum and withholding

of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the agency's finding that the cumulative effect of the harms experienced by Keshishiani, including two minor beatings by classmates, vandalism to his car, a threatening note, harassment, and employment discrimination, do not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (harassment, threats, and beating unconnected with any particular threat did not compel finding that ethnic Albanian suffered past persecution in Kosovo); *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (employment discrimination faced by Ukrainian Christian did not rise to level of persecution). Further, the record does not compel the conclusion that Keshishiani established a well-founded fear of future persecution. *See Nagoulko*, 333 F.3d at 1018 (possibility of future persecution too speculative). Accordingly, Keshishiani's asylum claim fails.

Because Keshishiani failed to meet the lower burden of proof for asylum, his claim for withholding of removal necessarily fails. *See Zehatye*, 453 F.3d at 1190.

**PETITION FOR REVIEW DENIED.**

10-72265